**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kim C Kristoff, | No. CV-24-03395-PHX-DWL |
| Petitioner, | **ORDER** |
| v. | |
| Ryan Thornell, et al., | |
| Respondents. | |

On February 6, 2026, Magistrate Judge Boyle issued a Report and Recommendation ("R&R") recommending that the Petition for Writ of Habeas Corpus be denied and dismissed with prejudice and that a pending motion to stay be denied. (Doc. 20.)

On March 20, 2026, following a deadline extension (Doc. 22), Petitioner filed an objection to the R&R. (Doc. 23.)

On April 29, 2026, Petitioner filed a notice of supplemental authority, stating that "[o]n April 20, 2026, the United States Supreme Court denied the petition for writ of certiorari in *Thornell v. Bieganski*, No. 25-690," such that "[t]he Ninth Circuit's decision in *Bieganski v. Shinn*, 149 F.4th 1055 (9th Cir. 2025), is now final and binding precedent in this Circuit." (Doc. 26.)

On May 4, 2026, following a deadline extension (Doc. 25), Respondents filed a response to the objection. (Doc. 27.)[1]

On May 8, 2026, Petitioner filed a motion for leave to file a reply brief, asserting

---

[1] Both the objection and the response were oversized, although leave to file an oversized brief was sought only by Respondents. (Doc. 29.)

that "Respondents' Response raises at least four categories of argument that did not appear in the R&R and to which Petitioner had no opportunity to respond in the Objections" and identifying the four arguments. (Doc. 30.) The proposed reply was attached as Exhibit A to the motion for leave to file. (Doc. 30-1.)

On May 11, 2026, Respondents filed a motion to strike Petitioner's motion for leave to file a reply. (Doc. 31.)

I.     Motion To Strike

"Unless made at trial, a motion to strike may be filed only if it is authorized by statute or rule, such as Federal Rules of Civil Procedure 12(f), 26(g)(2) or 37(b)(2)(A)(iii), or if it seeks to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order." LRCiv 7.2(m). Respondents' motion to strike notes that the rules do not authorize a reply in support of objections to an R&R. But Petitioner did not file a reply—Petitioner filed a motion acknowledging that the rules do not authorize a reply and seeking relief from the Court in the form of leave to file what would, without leave, be an unauthorized reply. The Court is aware of no rule prohibiting Petitioner from requesting leave to file an otherwise unauthorized reply. *See, e.g.*, *Warren v. City of Chico*, 2024 WL 4803960, *1 (E.D. Cal. 2024) ("[N]othing in the Federal Rules of Civil Procedure prevents the court from granting a party leave to file [an otherwise unauthorized brief].").

Thus, Respondents' motion to strike is denied, and the arguments therein are construed as Respondents' response to Petitioner's motion for leave.

II.    Motion For Leave To File Reply

Because a reply in support of an objection to an R&R is not authorized by the rules, Petitioner's proposed reply "is functionally a sur-reply." *Tounget v. Valley-Wide Recreation & Park Dist.*, 2020 WL 8410456, *2 (C.D. Cal. 2020). "A decision to grant or deny leave to file a sur-reply is generally committed to the sound discretion of the court." *Id.* Courts sometimes grant leave to file a sur-reply "in order to consider evidence or arguments that give a more complete picture of the issues in need of resolution." *Id.*; *cf.*

*Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (district court erred in considering evidence raised in reply brief without affording opponent an opportunity to respond). Specifically, leave to file a sur-reply is often granted when an additional briefing opportunity is needed to address new arguments set forth for the first time in what would otherwise be the final brief in the normal briefing schedule. *See, e.g.*, *Swartzmiller Assocs. Inc. v. Das Holz Haus LLC*, 2025 WL 317598, at *1 n.1 (D. Ariz. 2025) ("Because [Plaintiff] raised additional arguments in its reply . . . , the Court concludes, in its discretion, that Defendants should be allowed to file their proposed sur-reply, which provides additional information bearing on that issue."); *Fitzhugh v. Miller*, 2020 WL 1640495, 9 (D. Ariz. 2020) ("Although the Court may in its discretion allow the filing of a surreply, this discretion should be exercised in favor of allowing a surreply only where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief."); *Paradise Ent. Ltd. v. Empire Tech. Grp. Ltd.*, 2025 WL 3004664, *1 (D. Nev. 2025) (granting leave to file sur-reply where moving party raised new matters for the first time in a reply brief).

Petitioner identifies four new arguments Respondents advanced for the first time in the response to the objection. (Doc. 30 at 3-4.) Respondents do not deny that they advanced four new arguments. Respondents' main rejoinder is that affording Petitioner "a fair opportunity to reply to the arguments Respondents raised" could "permit briefing to go on forever" because "Respondents could just as easily respond that they should also be given permission to file a Sur-Reply in light of the new arguments he raises in his Reply." (Doc. 31 at 3.) The Court is not overly concerned about this slippery slope contention, as it has no plans to allow "an endless volley of briefs" and is capable of determining when allowing another brief is "appropriate." *Warren*, 2024 WL 4803960 at *2. At any rate, Respondents have not requested leave to file a sur-reply.

The Court, in its discretion, will permit a reply from Petitioner. The objection to the R&R will be resolved in a future order, in due course.

Accordingly,

**IT IS ORDERED** that:

1.     The referral to the magistrate judge as to Respondents' motion to strike (Doc. 31) and Petitioner's motion for leave to file a reply (Doc. 30) is **withdrawn**.

2.     Respondents' motion to strike (Doc. 31) is **denied**.

3.     Petitioner's motion for leave to file a reply (Doc. 30) is **granted**.  The Clerk of Court shall file the reply (Doc. 30-1) as a standalone docket entry.

Dated this 12th day of May, 2026.

Dominic W. Lanza
United States District Judge

- 4 -